values being based upon the contract price of $9.25 per rod, and the court denied the motion to strike out the testimony. Obviously the witness had shown himself competent at least to testify to the measurements which he had made, and, having testified without objection as to the relative values of the different portions, it would seem that the court was entirely justified in denying the motion which was before it, which was to strike out all of the testimony of the witness. This would be true even though the witness had shown no qualifications as an expert. He made measurements, and he could tell of these, and, having told of them without objection as to his estimates, the plaintiffs were entitled to the benefit of the evidence.

On the merits there is evidence sufficient to justify the verdict of the jury entirely independent of this witness, and, as only questions of law are presented by an appeal from the judgment (Alden v. Knights of Maccabees, 178 N. Y. 535, 71 N. E. 104), and it was clearly not error for the court to deny the motion as made by the appellant, the judgment must be affirmed, with costs. All concur.

---

(112 App. Div. 77)

### STOKES v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. March 22, 1906.)

MASTER AND SERVANT—INJURIES TO SERVANT—LABOR LAW APPLICATION.

     Labor Law, Laws 1897, p. 467, c. 415, §§ 18, 19, declaring that a master shall be liable for injuries to servants from the negligence of his contractor or servants in building scaffolds in certain specified cases, does not apply to a scaffold or platform consisting merely of planks laid on horses, used by the janitors of a building for the purpose of washing the walls.

     [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 374, 397, 459.]

Appeal from Trial Term, Kings County.

Action by Thomas Stokes against the New York Life Insurance Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, it appeals. Reversed.

     The action was for personal injuries from negligence. The defendant owns a large building and keeps a corps of men continually employed to clean it and do the ordinary repairs to it from day to day. These men or some of them, including the plaintiff, were instructed by the janitor to wash the ceiling of one of the rooms. To do this they set up wooden horses and put the necessary beams and planks on top of them to make a platform or scaffold 12 feet high to work on. These things, and the like, were all kept on hand in the building by the defendant for daily use. The plaintiff testified that he did not help put up the platform, and the judge charged that if he did he could not recover.

     The plaintiff fell from the platform while at work washing the ceiling. He testified that one of the planks tilted or tipped sidewise under his weight, and that the cause was that it was warped.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Frank V. Johnson (E. Clyde Sherwood, on the brief), for appellant.
Rufus W. Williams, for respondent.

GAYNOR, J.   The learned trial judge charged the jury that the provisions of the Labor Law (sections 18, 19, p. 467, c. 415, Laws 1897) in effect making the master liable for the negligence of his contractor or servants in building scaffolds in certain specified cases, applied to this case.   In this he was in error according to a case afterwards decided.   Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563.   This case is not distinguishable from that.   The scaffold or platform on horses on which the plaintiff was working, and which was set up by his fellow workmen, was not within the meaning of the labor statute, but a simple affair used every day to wash walls and ceilings by janitors and their help.   It did not present the possibilities of danger contemplated by the statute.   As there were plenty of planks furnished and on hand, the workmen had no need to use the warped one (if, indeed, it was warped) ; but this does not need to be considered now.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide event. All concur.