(125 App. Div. 681.)

## CADDY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

MASTER AND SERVANT—INJURIES TO SERVANT—LABOR LAW—"STRUCTURE."

Labor Law, Laws 1897, p. 467, c. 415, § 18, provides that a person employing or directing another to perform labor in the erection, repairing, altering, or painting of a house, building or "structure" shall not furnish or erect any improper or defective scaffolding, etc. Held, that the word "structure" should not be construed as limited by the words "house" and "building," but was intended to embrace all "structures" which, like unto a house or building, require the use of scaffolds, hoists, stays, or ladders in their construction, alteration, or repair, and therefore included a passenger car in a car shop which plaintiff was engaged in repairing at the time he fell from a defective scaffold and was injured.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6700, 6702; vol. 8, p. 7806.]

Appeal from Trial Term, Kings County.

Action by William H. Caddy against the Interborough Rapid Transit Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles M. Davenport (Harry E. Lewis, on the brief), for appellant. Bayard H. Ames, for respondent.

MILLER, J. This is a master and servant negligence case. The complaint was dismissed at the close of the case. The plaintiff was a carpenter, and at the time of the accident was engaged in repairing one of the defendant's cars in its repair shop. The car was 47 feet long, 8 feet 6 inches wide, and in the position in which it was placed for repairs its roof was 16 feet from the shop floor. A staging or

scaffolding consisting of single planks resting on the rungs of painters' ladders was constructed on three sides of the car. The plaintiff, who had nothing to do with the construction of the scaffolding, was standing upon it repairing the roof of the car, when a plank broke by reason of a defect and precipitated him to the floor, causing the injuries of which he complains. There is testimony indicating that the scaffold was 8 feet from the floor, but it must have been higher than that to enable the men to work on a roof 16 feet from the floor.

While several questions are discussed by counsel, only one requires consideration, i. e., does section 18 of the Labor Law, Laws 1897, p. 467, c. 415, apply? The solution of this question depends on whether the car and the scaffold were respectively a structure and a scaffold within the meaning of the statute. If said statute applies, the plaintiff was not guilty of contributory negligence as matter of law for assuming that the master had discharged its duty. If it does not apply, he cannot recover, for the reason that the negligence was that of coservants.

The statute provides that:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged. * * *"

The respondent contends that the word "structure" must be given an ejusdem generis interpretation, and that as limited by the words "house" and "building" it does not include a car. I do not think the Legislature had in mind any particular kind of structure when it passed said statute. The evident purpose of the statute was to insure better protection to workingmen whose work requires them to use scaffolds, hoists, stays, ladders, or other like mechanical contrivances under such circumstances as would imperil life or limb if the contrivance used were unsafe or insecure, and the word "structure" was intended to include all structures which, like unto a house or building, require the use of scaffolds, hoists, stays, or ladders in their construction, alteration, or repair. So the statute has been held to apply to a vessel (Chaffee v. Dry Dock Co., 68 App. Div. 578, 73 N. Y. Supp. 908), to the anchorage pier of a bridge (Flannigan v. Ryan, 89 App. Div. 624, 85 N. Y. Supp. 947), to a scow (Madden v. Hughes, 104 App. Div. 101, 93 N. Y. Supp. 324). It has been held not to apply to ordinary staging consisting of boards laid on horses from four to six feet high put up in a room to facilitate the placing of fixtures (Schapp v. Bloomer, 181 N. Y. 125, 73 N. E. 563), to a like staging moved from place to place to wash the ceiling of a room (Stokes v. New York Life Insurance Co., 112 App. Div. 77, 98 N. Y. Supp. 135), to a like staging moved from place to place and readjusted by the plaintiff and his fellow workmen (Williams v. First National Bank, 118 App. Div. 555, 102 N. Y. Supp. 1031). The decision in Sutherland v. Ammann, 112 App. Div. 332, 98 N. Y. Supp. 574, cited by respondent, was put upon the ground that the scaffold was not used

in the work of erecting, repairing, altering, or painting. If this car had been a permanent structure built out of doors, we should have no doubt that it was included within the terms of said statute. Can it matter that it was within a building, and that after it was constructed (or as in this case repaired) it was to be put on wheels and moved? The character of the work and the danger from defective scaffolding was the same in either case, and that was what the statute was intended to guard against. Said statute was not intended for the protection of any particular class of mechanics. Section 2 defines the term "employé" to mean a mechanic, workingman, or laborer who works for another for hire. The plaintiff was a carpenter doing the same kind of work on the same kind of a scaffold as though he were engaged in the erection or repair of a house. The height of the scaffold above the floor is not controlling. In the erection, repairing, altering, or painting of a house, building, or other structure scaffolds have to be erected at varying heights, and, while the peril may increase as the height increases, we cannot say that the scaffold must be at a given height for the statute to apply. A fall of a few feet may involve danger to life or limb.

We conclude that plaintiff was engaged in the repair of a structure, and that the platform or staging in use was a scaffold within the meaning of the labor law.

The judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur.