(Supreme Court, Appellate Division, First Department. November 8, 1912.)

MASTER AND SERVANT (§ 117*)—DEATH OF SERVANT—NEGLIGENCE—"STRUCTURE"—STIFF-LEG DERRICK.

Defendant engaged in sewer construction maintained as a part of its equipment a stiff-leg derrick supported by guy cables running from the top of the mast to anchorages in the ground. The guy cables were usually tested every morning, as there was danger that they might be loosened, which would cause the derrick to fall, but such examination was not made on the morning when intestate, a hoisting engineer, was killed by the fall of the derrick due to the loosening of the bolts on the spliced cable. *Held,* that such derrick was a "structure" within Labor Law (Consol. Laws 1909, c. 31) § 18, prohibiting any employer from furnishing unsafe mechanical contrivances, the word "structure" including "that which is built or constructed," "any production or piece of work artificially built up or composed of parts joined together in some definite manner, whether above or below ground," and that the fall of the derrick due to a failure to inspect the splicing for more than 24 hours constituted actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 208; Dec. Dig. § 117.*

For other definitions, see Words and Phrases, vol. 7, p. 6701; vol. 8, p. 7806.]

Appeal from Trial Term, New York County.

Action by Mamie Stevens, as administratrix of the goods, chattels, and credits of Grant Stevens, against the Stanton Construction Company. From a judgment dismissing the complaint at the close of plaintiff's case, and from an order denying her motion for a new trial, she appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

A. Mitchell Leslie, of New York City, for appellant.
John Vernou Bouvier, Jr., of New York City, for respondent.

DOWLING, J. The defendant on April 18, 1911, was engaged in the performance of a contract for the construction of sewers at 173d street and Boone avenue, in the borough of the Bronx, city of New York, and as part of the equipment used upon said work maintained a "stiff-leg" derrick, supported by a wooden leg and by three steel guy cables about an inch in diameter, running from the top of the mast to "deadmen" or anchorages in the ground. One of these guys was composed of two cables, joined together by passing one of them through a loop in the other; this loop being lined with a "thim-

---

ble" to prevent grinding. The free end of the cable thus passed through is then clamped to its upper portion by two steel bolts, about 9 and 15 inches, respectively, above the thimble. The splicing had been in position seven or eight weeks. The derrick thus constructed stood partly on the highway. Grant Stevens was in defendant's employ as a hoisting engineer upon the work referred to, and among his duties was the raising or lowering of the boom of the derrick in obedience to signals. While thus engaged, and at about 11:30 a. m. on the day in question, the derrick suddenly collapsed and fell upon him, causing his instant death.

Plaintiff produced proof upon the trial from which it appeared with reasonable certainty that the collapse of the derrick was due to the loosening of the clamps or bolts upon the spliced cable, thus freeing the two parts thereof, and causing the fall of the entire derrick in the opposite direction and upon Stevens. It also appeared that no other part of the derrick had broken or given way. It was shown that the clamps were examined and tested every morning by an employé of defendant, as there was danger that they might be tampered with and loosened, whereupon the derrick would fall; but such examination was not made upon the morning in question, and it had been in use from 8 a. m. to the happening of the accident without any examination since the morning of the preceding day.

Under these conditions, the plaintiff was not obliged to rest upon the doctrine of "res ipsa loquitur" to justify a submission of the case to the jury. On the contrary, she had produced evidence from which it fairly appeared that the fall of the derrick was due to the loosening of the clamps upon the spliced guy rope, and that such splicing had not been tested or inspected for more than 24 hours. This proof brought the case within the provisions of section 18 of the Labor Law, which forbids a person employing another to perform labor of any kind "in the erection, repairing, altering or painting of a house, building or structure" from furnishing scaffolding, hoists, stays, ladders, or other mechanical contrivances which are unsafe, unsuitable, or improper. We think it would be a very narrow and forced construction of this provision to limit its application to such works as are above ground, and to deny its extension to subterranean operations. While the opening of a trench would not in itself come within the scope of the section, in the case at bar the construction of a sewer involved much more than that. A structure is defined by Bouvier as including "that which is built or constructed." "In the widest sense, any production or piece of work artificially built up, or composed of parts joined together in some definite manner." Century Dictionary. It has been applied to poles connected by wires for the transmission of electricity (Forbes v. Willamette Falls Electric Co., 19 Or. 61, 23 Pac. 670, 20 Am. St. Rep. 793); to a mine or pit (Helm v. Chapman, 66 Cal. 291, 5 Pac. 352); to a railroad track (Lee v. Barkhampsted, 46 Conn. 213); to a vessel (Chaffee v. Union Dry Dock Co., 68 App. Div. 578, 73 N. Y. Supp. 908); to an oil well with its derrick and other appliances (Haskell v. Gallagher, 20 Ind. App. 224, 50 N. E. 485, 67 Am. St. Rep. 250). As was said in Caddy v.

Interborough Rapid Transit Co., 125 App. Div. 681, 110 N. Y. Supp. 162 (affirmed 195 N. Y. 415, 88 N. E. 747, 30 L. R. A. [N. S.] 30):

"I do not think the Legislature had in mind any particular kind of structure when it passed said statute. The evident purpose of the statute was to insure better protection to workingmen, whose work requires them to use a scaffold, hoists, stays, ladders or other like mechanical contrivances, under such circumstances as would imperil life or limb if the contrivance used were unsafe or insecure, and the word 'structure' was intended to include all structures which, like unto a house or building, require the use of scaffolds, hoists, stays, or ladders in their construction, alteration, or repair."

So that it would seem clear that, whether the work to be done is above, on, or below the ground, where appliances of the kind enumerated are required for the proper doing of the work, they must be safe, for the protection of those working upon or around them.

When, therefore, plaintiff had shown that defendant furnished an unsafe derrick, evidenced by its collapse due to the giving way of the spliced guy rope, and without a suggestion of any other cause for the collapse, and with no proof of any outside force acting upon it, she had sustained the burden of proof imposed upon her and was entitled to have the defendant put to its proof.

The dismissal of the complaint herein was erroneous, and the judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.