In the Matter of ARLENE BERG et al., Respondents, v. WALTER G. MICHAELIS et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Appellants; FEDERATED PROPERTIES, INC., Intervenor-Appellant.

Second Department, June 8, 1964.

*John A. Morhous* (*George B. Schneider* of counsel), for Board of Zoning Appeals, appellant.

*Clarence W. Williamson, Jr.*, for Federated Properties, Inc., intervenor-appellant.

*Moser, Henkin & Alper* (*Norman E. Henkin* of counsel), for respondents.

CHRIST, J.   Twice the appellant Board of Zoning Appeals of the town granted a special exception permit for the erection of a drive-in theatre on a 12-acre site in Inwood, Nassau County. Each time the Special Term reversed the board; the first time the proceeding was remitted to the board for further hearings on the issue of undue increase of vehicular traffic; the second time the order of reversal was appealed to this court.

The proposed drive-in theatre is part of a 15-acre development in a predominantly commercial and industrial zone.   The filed plans indicate a total car capacity of 825 cars, but the testimony before the board suggested that the maximum capacity might reach 980 cars.   The site is zoned for business and industrial uses, but its use as a place of amusement requires the board's approval (Building Zone Ordinance of the Town of Hempstead, art. 12, § Z–5.0, subd. e, subpar. 19; art. 12, § Z–1.0).   The board made a finding, founded on lengthy expert testimony adduced before it at two hearings, that the proposed use would not *unduly* increase vehicular traffic on the public streets.

The two experts called by the intervenor-appellant (Federated Properties, Inc.) concluded that traffic would not be unduly increased. Their conclusion was based on their examinations of the area, their projections of traffic counts and on the physical capacities of the streets involved. The primary artery, Burnside Avenue, is a four-lane, two-way street which has a conceded "practical capacity" of 600 cars per lane per hour. The sole expert called by the petitioners, who are adjacent residential property owners and the objectants here, gave a contrary opinion based on his examination of the area and his comparison of another drive-in theatre site, Sunrise Drive-in. However, this comparison was weak in view of the fact that Sunrise Drive-in has a car capacity of almost double the proposed maximum capacity of the drive-in at Inwood.

Special Term accepted as "uncontradicted" this testimony of the petitioners' (the objectants) expert, and totally rejected the testimony of the intervenor's experts as based on "isolated and unrepresentative" examinations of the site. Thus, in evaluating all the experts' testimony, the Special Term substituted its judgment for that of the board. This was error, since the scope of judicial review in such cases is limited to whether the board acted unreasonably or arbitrarily (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20; *Matter of Rothstein* v. *County Operating Corp.,* 6 N Y 2d 728). The opinion testimony of intervenor's experts was properly accepted by the board; the conclusions of these experts rested on firm statistical and observable facts. On the other hand, the testimony of the objectants' expert was not "uncontradicted." He was contradicted by the other two experts; and on cross-examination he admitted there was a significant margin of tolerance attached to his projection of traffic likely to be generated by the proposed drive-in theatre. Moreover, he was inconclusive as to the projected increase in traffic during normal rush hours which might be generated if the property were put to a concededly permitted use, for example, a 12-acre industrial building.

There was substantial evidence to support the board's decision on this issue; hence, we are required to reverse the judgment of the Special Term annulling such decision.

Unfortunately, however, we cannot confirm the decision of the board. The matter must be remitted to the board because there is another consideration, resting upon a provision of the Town Building Zone Ordinance (§ G–10.1), which vitally affects the issuance of the special exception permit; and the board has failed to make any findings with respect thereto.

Said section G–10.1 of the Building Zone Ordinance provides in pertinent part: "no building or structure shall be erected for use as a  *  *  *  theatre or other place of public assembly or public amusement within three hundred feet of any building or structure used for storage and handling of flammable liquids." In the record before us there is an Exhibit "1", marked "f" on the reverse side. It is a map submitted by the intervenor, which clearly identifies "numerous oil and gas tanks" of the Socony Company bordering, within 200 feet, upon an extensive peripheral area of the proposed drive-in theatre. It is very likely, therefore, that the geographical limitation of the ordinance has application to the instant case; but that is a factual determination which the board itself must make in the first instance.

One of the board members, in an affidavit submitted with the board's answer and return, urged that the Building Zone Ordinance has no application to drive-in theatres. This ordinance is patently designed for public safety; hence, the contention that a drive-in theatre is not a "building or structure," as that phrase is employed in the ordinance, is untenable. The danger sought to be avoided by the ordinance is not lessened by the open-air character of this theatre; indeed, it is magnified because the drive-in patrons parked in some 980 cars are more directly exposed to the first assault from a flammable liquids fire or explosion than persons seated in an enclosed theatre, protected at least from the first lash of such a disaster by the walls and roof of such a theatre. It is in this light that we view the meaning of "building or structure" as used in the ordinance. "The statutory meaning of a word or phrase must be gathered from the purpose for which the law containing it was enacted" (*Caddy v. Interborough R. T. Co.,* 195 N. Y. 415, 420).

In the *Caddy* case (*supra*) a railroad car jacked up on support "horses" in a repair shop was held to be a "structure" within the meaning of a section of the Labor Law. In other situations a "structure" has been held to include electric wire poles, railroad tracks, vessels, oil wells, derricks, mines and pits (*Stevens v. Stanton Constr. Co.,* 153 App. Div. 82, and cases there cited). Similarly, a fence or wall has been held to constitute a "building" (*Mecca Realty Co. v. Kellogg Toasted Corn Flakes Co.,* 166 App. Div. 74, affd. 221 N. Y. 724). Thus, the proposed drive-in theatre, composed of toll booths, a refreshment building, two screens, a playground area, steel audio posts and peripheral fencing, constitutes a "building or structure" within the intendment of the public safety ordinance here involved.

We note that at first glance a Connecticut case (*Middlesex Theatre* v. *Hickey, Comr. of State Police,* 128 Conn. 20) appears to be contrary to our holding here. There, an open-air theatre, i.e., one without a roof, where the audience sits not in cars but in exposed chairs fastened to the ground, was held to be *not* a " building " within a building code provision designed to limit the number of persons permitted within a building. We consider the statutory precaution there involved to be aimed at overcrowding, collapse, etc. and to provide a different safeguard from the flammable-liquids ordinance applicable here. Furthermore, the Connecticut Building Code provision contained safety standards with respect to the construction of walls, floors, roofs, ceilings, doors, fire escapes, etc., all of which clearly permitted a narrower construction of the word " building " than is required in the ordinance which we are here considering. The salient statutory phrase, " building or structure," found in the ordinance in the instant case is much more comprehensive than the single word " building " as used in the Connecticut Building Code.

An incidental matter bears mention. On its motion to intervene, Federated Properties, Inc. requested that objectants be required to post a bond. Special Term denied that request in the same order which permitted the intervention. As no appeal was taken from such order, that issue is not now properly before this court.

The judgment annulling the decision of the Board of Zoning Appeals should be reversed on the law, without costs, and the matter should be remitted to the Board of Zoning Appeals for further proceedings not inconsistent with the views set forth herein, including the making of factual findings on the issue whether section G–10.1 of the Building Zone Ordinance of the Town of Hempstead precludes the issuance of the special exception permit.

No questions of fact were considered.

UGHETTA, Acting P. J., KLEINFELD, HILL and RABIN, JJ., concur.

Judgment reversed on the law, without costs, and matter remitted to the Board of Zoning Appeals for further proceedings not inconsistent with the views set forth in the opinion of CHRIST, J. No questions of fact were considered.