■ In the Matter of LEIF GLUNDAL et al., Respondents, v. ROBERT E. WHITE et al., Constituting the Zoning Board of Appeals of the City of Auburn, et al., Appellants.—Judgment unanimously reversed, on the law and facts, without costs, determination of the Board of Zoning Appeals confirmed and petition dismissed, all without costs. Memorandum: Petitioners claimed that their color separation service, which made negatives for use in the printing industry by means of a specialized and technical process, was a "photographic studio" and, as such, was a permitted customary accessory use in an R-2 Zone, as set forth in the City of Auburn Zoning Ordinance, and sought a permit for such use. The City of Auburn Zoning Ordinance (§ 4.101 and Schedule I) permitted customary accessory uses in an R-2 Zone. Section 4.201 of the ordinance defined customary accessory uses to include "professional offices of persons residing on the premises" and section 2.130 stated that: "Professional offices shall include the office of a physician, dentist, optometrist, minister, architect, landscape architect, city planner, engineer, insurance man, realtor, accountant, lawyer, author, podiatrist, osteopathic physician, physiotherapist or chiropractor, photographic studios." Petitioners' application for a use permit was denied. The City's Zoning Board of Appeals found, after a hearing, that petitioners' business was not a "photographic studio" within the meaning of the ordinance. In this proceeding, Special Term found that absent any limiting explanatory or appropriate language in the ordinance to guide the court in an interpretation, the petitioners' business fell within the meaning of "photographic studio" and the building inspector should have issued a permit. It is obvious from the professions enumerated in Zoning Ordinance section 2.130 that the intent of the ordinance was to allow only office-type businesses with few, if any, employees and a minimum of equipment other than that ordinarily found in an office, and it was not intended to allow what is essentially an industrial operation. The record shows that petitioners never held themselves out to be a photographic studio but described their business as color separation and preparation of negatives for use in the printing industry. Petitioners' tax returns listed them as a "lithographic studio"; the phone book as "printers"; their letterheads and cards as "color service." Petitioners never photographed people or things except some photographs of a product and only made films from existing photographs. Their equipment was specialized, not ordinary or necessary in a regular photo studio, and included a lithograph press. The finished product was not an ordinary photograph, but a set of several special negatives which would be used by a printer in making printing plates. On these facts the board properly interpreted the meaning of "photographic studios" to exclude the operation described by petitioners. "Common words are to be given their commonly understood meaning unless another meaning is obviously intended". (*Matter of Steinbeck* v. *Gerosa*, 4 N Y 2d 302, 308.) "It is axiomatic that the court will not substitute its judgment for that of the board or set it aside unless it clearly appears to be arbitrary or contrary to law. (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400.)" (*Matter of Fiore* v. *Zoning Bd. of Appeals of Town of Southeast*, 21 N Y 2d 393, 396.) Since the board's determination was not arbitrary or contrary to law, it should not have been disturbed. (Appeal from judgment of Cayuga Special Term annulling determination which denied use permit.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.