■ In the Matter of POINT LOOKOUT CIVIC ASSOCIATION, INC., et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF HEMPSTEAD et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Hempstead which (1) found that a proposed tavern came within the meaning of the term "restaurant" and (2) granted a waiver in the off-street parking requirements of the Building Zone Ordinance of the Town of Hempstead, petitioners appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered December 1, 1981, which dismissed the petition. (We deem the notice of appeal to be from the judgment.) Judgment affirmed, without costs or disbursements. There is no question that the conversion of a delicatessen to a tavern, which was proposed by the Spinellis, constituted a change in use (see *Town of Onondaga v Hubbell,* 19 Misc 2d 999, affd 9 AD2d 1024, revd on other grounds 8 NY2d 1039; *Phillips v Village of Oriskany,* 57 AD2d 110; *Fulford v Board of Zoning Adj. of City of Dothan,* 256 Ala 336; *Salerni v Scheuy,* 140 Conn 566; *Jasper v Michael A. Dolan, Inc.,* 242 NE2d 540 [Mass]). However the crucial issue at bar, presented first to the building inspector and then to the respondent zoning board of appeals, was whether the proposed tavern came within the meaning of the term "restaurant" which is concededly an enumerated permitted use in a business district in the Town of

Hempstead (see Building Zone Ordinance of the Town of Hempstead, art 7, § X-1.8) or was merely a special use, as advocated by petitioners which could be operated only after public notice and hearing, and approval by the board of zoning appeals (see Building Zone Ordinance of the Town of Hempstead, art 7, § X-1.14; art 12, §§ Z-1.0, Z-5.0, par c, cls 6, 15). In determining that a tavern with a light food menu came within the meaning of the term "restaurant", the respondent zoning board of appeals exercised its appellate jurisdiction to "hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to" zoning enabling statutes (Town Law, § 267, subd 2; see, also, *Matter of Hinna v Board of Appeals of Town of Hempstead*, 11 Misc 2d 349; 1 Anderson, New York Zoning Law and Practice [2d ed], § 17.34, p 760). Moreover, it is "axiomatic that the court will not substitute its judgment for that of the board or set it aside unless it clearly appears to be arbitrary or contrary to law" (*Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast*, 21 NY2d 393, 396; see, also, *Matter of Glundal v White*, 41 AD2d 887; *Corter v Zoning Bd. of Appeals of Vil. of Fredonia*, 46 AD2d 184). Under the circumstances herein, the board's interpretation of its own ordinance so as to include a tavern with a light food menu, within the meaning of the term "restaurant", was neither arbitrary nor contrary to law (cf. *Matter of Dengeles v Young*, 1 Misc 2d 692, revd on other grounds 3 AD2d 758). However, upon conversion of the delicatessen to a tavern, the Spinellis were required to comply with the off-street parking requirements of the zoning ordinance regarding restaurants unless they obtained a waiver of the off-street parking requirements from the board of zoning appeals (see Building Zone Ordinance of the Town of Hempstead, art 14, § G-19.0, par [a], cl 11, par [c]; *Matter of Off Shore Rest. Corp. v Linden*, 30 NY2d 160). In granting a waiver of the applicable off-street parking requirements, the board relied on paragraph (c) of section G-19.0 of the Building Zone Ordinance of the Town of Hempstead which provides, *inter alia*: "The Board of Appeals may vary the application of this Section in any case in which it shall find that (a) compliance herewith is not necessary to prevent traffic congestion or undue on-street parking". As noted by Special Term, this standard is not overly broad and constitutes a sufficient standard for determination (see *Matter of Mirschel v Weissenberger*, 277 App Div 1039). Moreover, the board's determination was based on substantial evidence and cannot be disturbed (see *Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20; *Matter of Reed v Board of Stds. and Appeals of City of N. Y.*, 255 NY 126). We have reviewed petitioners' remaining points and find them to be without merit. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.