OPINION OF THE COURT
George A. Murphy, J.
In this CPLR article 78 proceeding, the petitioner, Mercy Hospital, seeks judgment, inter alia, reversing and vacating the determination of the majority of the respondent Board of Zoning Appeals for the Town of Hempstead. That determination denied petitioner’s request for a special permit to use a building located at Front Street and Maple Avenue in Union-dale for the purpose of providing out-patient mental health services and programs.
The respondent’s determination was based on a finding that the proposed use of the facility was not a hospital within the meaning of Hempstead Building Zone Ordinance § 272A (5) and did not come under the Resident B Special Permit exception as outlined in the ordinance.
It is well established that a determination by a Zoning Board of Appeals that a particular use for which a permit is sought is not a permitted use will be upheld unless it is arbitrary or contrary to law (12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 377; Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals, 94 AD2d 744; Matter of Glundal v White, 41 AD2d 887).
*1064 The respondent Board relied on the definition of the term "hospital” as contained in Public Health Law § 2801 (1). That statute, insofar as pertinent, provides as follows: "1. 'Hospital’ means a facility or institution engaged principally in providing services by or under the supervision of a physician or, in the case of a dental clinic or dental dispensary, of a dentist, for the prevention, diagnosis or treatment of human disease, pain, injury, deformity or physical condition, including but not limited to, a general hospital, public health center, diagnostic center, treatment center, dental clinic, dental dispensary, rehabilitation center other than a facility used solely for vocational rehabilitation, nursing home, tuberculosis hospital, chronic disease hospital, maternity hospital, lying-in-asylum, out-patient department, out-patient lodge, dispensary and a laboratory or central service facility serving one or more such institutions, but the term hospital shall not include an institution, sanitarium or other facility engaged principally in providing services for the prevention, diagnosis or treatment of mental disability and which is subject to the powers of visitation, examination, inspection and investigation of the department of mental hygiene except for those distinct parts of such a facility which provide hospital service.”
Clearly, the proposed facility is excluded from the statutory definition by reason of the exception for a facility used solely for an out-patient department. Both the letter and spirit of the definition mandate the conclusion that a hospital may not locate an out-patient department (such as is proposed for this facility) under the guise that it is something else.
A mere reading of the statute clarifies the legislative intent not to include in the definition of hospital such auxiliary facilities as obviously warrant different considerations, standards and governmental control.
The respondent Board accurately read and applied the statutory definition to the activities proposed by the petitioner and the respondent’s observation that such activities were laudable and beneficial did not permit it to ignore the clear mandate of the law. Moreover, the Board upheld its obligation to view the matter from the perspective of the existing zoning plan for the location and not from petitioner’s perspective that because petitioner’s Rockville Centre location was in compliance with the zoning plan the petitioner had a right to an open-ended extension of such status to other jurisdictions and locations irrespective of the type of auxiliary facility *1065 involved on the theory of offering extended hospital services. As used in the Zoning Ordinance, the special exception for hospitals contemplated an institution which, inter alia, is an in-patient facility that provides 24-hour patient services (see, 10 NYCRR 405.2 [a]). The facility here does not provide for such patient services and can therefore not be considered a hospital and within the special exception.
The determination of the respondent Board was neither arbitrary, capricious nor an abuse of discretion and the petition is accordingly dismissed.
Settle judgment on notice.