■ In the Matter of FOUR M CONSTRUCTION CORPORATION, Respondent, v CHARLES FRITTS et al., Constituting the Zoning Board of Appeals of the Town of Bethlehem, Appellants.— Levine, J. Appeal from a judgment of the Supreme Court

(Klein, J.), entered August 30, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Zoning Board of Appeals of the Town of Bethlehem denying petitioner two area variances on his nonconforming residential lot.

In 1986 petitioner, a residential home builder and land developer, purchased a vacant lot located between numbers 12 and 16 Orchard Street in the Town of Bethlehem, Albany County, for $7,500 at a public tax sale conducted by the county. At the sale, the county announced that the property was a nonconforming residential lot. The lot was originally planned as a street, which was later abandoned, apparently as a result of the final siting of an adjoining condominium or apartment development.

Petitioner first applied in January 1988 to the town's Zoning Board of Appeals (hereinafter the Board) for three area variances in order to construct a house on the lot, namely, width of lot, housing density and percentage of lot occupancy. After a hearing, the Board denied the variances, citing the adverse impact on the neighborhood and on adjacent property, and a drainage problem if construction of a residence was permitted. The following March, petitioner reapplied. It scaled down the size of the proposed residence, obviating the need for a variance from the minimum percentage of lot occupancy, and offered to install a new storm sewer and catch basin to alleviate any potential draining problems. Thus, the number of area variances sought was reduced to two: (1) the lot was 46 square feet short of the minimum housing density of 8,500 square feet, and (2) the lot's width was 50 feet at the building setback line, 10 feet less than the minimum required by the town's Zoning Ordinance in this residential zone.

At the hearing on petitioner's second application, its real estate expert testified that the best use for the property was as the site of a single-family residence and that, unless the variances were granted, the only feasible permitted uses would be for a noncommercial park, playground or public recreational building. He further stated that the house as planned would meet all other setback requirements. In opposition, various nearby or adjacent homeowners offered evidence that, if granted, the variances would adversely impact on the character of the neighborhood, in that the size of lots in the vicinity were generally 15 to 20 feet wider than the minimum under the ordinance and that an immediately adjacent neighbor would be particularly affected. That neighbor had located his house in reliance on the future use of the subject property

as a street. Therefore, his front picture window was only 25 feet from the side boundary line and would directly face on the house to be built on the lot. There was also testimony that, at the tax sale when the lot was acquired by petitioner, it was described as "unbuildable".

Following the hearing, the Board again denied petitioner's application. The Board based its decision on the testimony in opposition to the request and on the fact that petitioner acquired the lot with full knowledge that it was not conforming and, hence, petitioner's hardship was self-imposed. Petitioner then challenged the Board's determination in this CPLR article 78 proceeding. Supreme Court annulled the determination, concluding that the deviation from the Zoning Ordinance's minimum requirements was not substantial, that no impact on the character of the neighborhood was established because the lot would be used as a residence in an area zoned residential, and that self-imposed hardship was alone insufficient to deny a variance when such denial would effectively deprive petitioner of any financially productive use of its property. The court also noted that there was no evidence or findings that denial of the variances was required for reasons of public health or safety. This appeal by the Board ensued.

There should be a reversal. First, although an area variance may not be denied solely on the basis of self-imposed hardship, this factor may be given weight in a zoning board's determination (see, Matter of RRI Realty Corp. v Hattrick, 132 AD2d 558; Matter of CDK Rest. v Krucklin, 118 AD2d 851, 852). Furthermore, if the financial hardship is self-created, the burden does not shift to the municipality to demonstrate that the public health, safety or welfare would be adversely affected by granting the variance (Matter of Cherry Hill Homes v Barbiere, 28 NY2d 381, 384-385). Second, in concluding that the deviation from the Zoning Ordinance was insubstantial, Supreme Court improperly substituted its judgment for the judgment of the Board (see, Matter of Fiore v Zoning Bd. of Appeals, 21 NY2d 393, 396). It cannot be said that a 16% deviation from the minimum lot width requirement of the Zoning Ordinance is insubstantial, as a matter of law. Hence, the Board's contrary determination was not arbitrary or capricious (see, supra; Matter of Point Lookout Civic Assn. v Zoning Bd. of Appeals, 94 AD2d 744, 745). By the same token, in accepting the opinion of petitioner's expert that residential use of the lot would not adversely affect the neighborhood and

rejecting the opinion of the experts who testified in opposition, Supreme Court also invaded the province of the Board in evaluating expert testimony (see, *Matter of Berg v Michaelis*, 21 AD2d 322, 324, *affd* 16 NY2d 822).

The record established that the Board based its determination on valid considerations in addition to the factor that petitioner's financial hardship was self-imposed. Clearly, the placing of a house on this narrow lot would directly impact on the privacy of the adjoining neighbor, who sited his home in justifiable reliance on a plan to use the lot in question as a street. Moreover, the proof that petitioner's lot was uniquely substandard in the surrounding neighborhood was alone sufficient to show an adverse impact (see, *113 Hillside Ave. Corp. v Zaino*, 27 NY2d 258, 262-263; see also, *Matter of Cowan v Kern*, 41 NY2d 591, 596). Also to be noted is that denial of the variance was consistent with the policy of the town, reflected in 1984 amendments to its Zoning Ordinance, to upgrade the size of residential lots, thereby eliminating municipal problems with smaller and narrow lots and satisfying the community's preference for more spacious lots.

In short, denial of petitioner's application for area variances was a rational quasi-legislative, quasi-administrative decision, based on a combination of factors which the courts have previously upheld as valid, and was supported by substantial evidence. Therefore, the Board's determination should not have been disturbed (see, *Matter of Cowan v Kern, supra*, at 599).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.