■  In the Matter of LIMOUSINE RENTAL SERVICE, INC., Petitioner, against BENJAMIN F. FEINBERG et al., Constituting the Public Service Commission, Respondent.— This article 78 proceeding — transferred to this court pursuant to section 1296 of the Civil Practice Act — is to review a determination of the Public Service Commission which denied petitioner's request for permission to operate as a contract carrier pursuant to the provisions of subdivision 1 of section 163 of the Public Service Law. The issue concerns the "grandfather rights" provided for therein. The pertinent part of the section — "grandfather clause" — provided that if a carrier or its predecessor in interest was a bona fide operator on February 1, 1955, it could continue to operate without interruption until the necessary permit was issued and that no formal proof was required. The purpose was to avoid the hardship which would result from forcing a carrier to justify his existing business in terms of public convenience. The filing of an application was required. The petitioner's predecessor in title, Reservoir Bus Lines, Inc. met all the requirements of the statute and made a timely application under the "grandfather clause" to continue as a contract carrier. Subsequently and on November 30, 1956, it filed a petition in bankruptcy and before the end of the year the Receiver sold all the rights of the bankrupt including "such other certificates, rights, licenses or charters issued by any State" to the petitioner herein, a New Jersey corporation not authorized to do business in this State. Neither the Receiver in bankruptcy nor the purchaser — petitioner — continued to operate the bus service. The commission scheduled a hearing on the application of Reservoir — approximately one month after purchase by petitioner and apparently without knowledge or notice of the bankruptcy of Reservoir — and there being no appearance or request for adjournment, the hearing was closed. In response to a letter from petitioner received thereafter, the commission scheduled a hearing on April 2, 1957 when it was admitted — without excuse or reason — that the operation of the Reservoir bus service had not been continued during the interim. At a subsequent hearing, an officer of the petitioner stated the reason for not continuing the operation was due to an assumption that consent and approval of the commission for transfer was necessary. An inquiry would have brought the response that the commission did not require approval of transfer. Such interruption of service and operation continued for over a year. The findings of the examiner which were approved by the commission in denying the application stated: "Limousine may have made an honest mistake but its failure to provide service was not beyond its control, and other carriers have apparently filled the gap created by its neglect to act with reasonable promptitude." The petitioner argues that subdivision 1 of section 163 — under the circumstances herein outlined — does not give permission to operate until transfer of Reservoir rights are approved by the commission. We think — from the showing on this record — otherwise. The section, after providing for a carrier or predecessor — if qualified — to continue operating, states: "Except * * * as to interruption of service over which the predecessor or applicant in interest had no control". Its purpose is to allow continuity and avoid hardship to the qualified carrier pending the processing of his application and to continue service to the public. The petitioner failed to come within the exception. The Federal cases cited in the briefs interpreting the Interstate Commerce Act — identical with section 163 of the Public Service Law — are distinguish-

able from the present facts and not controlling. The determination was within the fact-finding power of the commission in view of all the circumstances and we cannot say as a matter of law that interpretation was contrary to public interest. To the contrary, it would appear to be in the interests of the public. In such matters, great weight is always given to the interpretation of statutes by the authority who has to administer such statutes. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 129; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108; *Matter of Recreation Lines* v. *Public Serv. Lines*, 7 A D 2d 20, 23.) Determination unanimously confirmed, with $50 costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.