Mario Pittoni, J.
In this proceeding pursuant to article 78 of the Civil Practice Law and Buies, the petitioner prays for a judgment directing the issuance of a permit for the construction of a swimming pool on premises located on the north side of Grace Avenue and the east side of Chapel Place, Great Neck Plaza, Town of North Hempstead.
The subject property is in a Besidence “ D ” district wherein apartment houses are permitted. Although the return does not include the application to the Building Inspector, it appears that an application for permission to construct a swimming pool was denied on two grounds: (1) that the pool was a “ building ” and it together with the apartment house would occupy more than 50% of a lot area — a violation of the Building Zone Ordinance, and (2) that a swimming pool was not a specifically permitted use.
An appeal to the respondents was taken. Of the five members composing the Board of Appeals, one member was disqualified and one was absent at the hearing held on June 26, 1963. At a meeting held on September 11, 1963, when the decision was rendered, the three members who attended the prior hearing were present, as was the member who had been absent. The latter declined to vote because he had not been present at the prior hearing — although his absence alone would not have disqualified him if he had examined the minutes so that he could make an informed decision (Matter of Taub v. Pirnie, 3 N Y 2d 188).
The court has examined the papers submitted and finds no basis for the denial of the permit. Clearly, an outdoor swimming pool below the level of the ground and not containing walls or roof above the ground level may not be considered a building within the meaning of the ordinance. Moreover, the fact that a swimming pool is not an expressly permitted use does not warrant a denial of permit (Lotz v. O’Connor, N. Y. L. J., April 14, 1958, p. 13, col. 2, Pittoni, J.).
It is the contention of the respondents that, since a determination one way or the other was not made by the concurrent vote of three members, a final determination has not been made. As stated in Steers Sand & Gravel Corp. v. Village Bd. of Vil. of Northport (129 N. Y. S. 2d 403, 405), “ Lawfully to consider the petition, a majority of the Board’s authorized membership, i.e., at least three members, were required to be present at the hearing, and to grant it, the concurrence of a similar majority was necessary. Such a concurrence was not required to deny the petition. The vote of less than a majority of the authorized membership in favor of the petition was sufficient to defeat it. ’ ’ *785 Here the failure of three members to sustain the appeal must be considered as a denial, and a final determination. Were it to be considered otherwise and a rehearing or reconsideration of the application were held by the 4 members with the vote 2 to 2, the petitioner would be further delayed in obtaining the legal relief to which he is entitled.
A copy of the ordinances has not been submitted and absent any statement by the respondents that they offered to hold a rehearing before the proceeding was commenced, the court assumes that the petitioner was not entitled to a rehearing as a matter of right under the ordinance.
Accordingly, while it is well settled that a petitioner must exhaust his administrative remedies before applying to the court for relief in a mandamus type proceeding, since it does not appear that any other remedy was available to the petitioner, this proceeding was properly instituted.
On appeal the respondent Board of Appeals had the power to issue or to direct the issuance of the permit in reversing the Building Inspector (Village Law, § 179-b). It is directed to exercise that power within 15 days after the service of a copy of the order to be entered hereon.