Burke, J.
This article 78 proceeding has been brought for an order declaring the determination of the Zoning Board of Appeals of the Town of Southeast granting the application of the intervenors-appellants for a variance to be null and void and setting the same aside and denying the application.
Petitioners-respondents are nearby residents who objected before the board to the application for this variance. The Appellate Division has affirmed the judgment of the Supreme Court which annulled the determination. The premises of the intervenors-appellants as to which the variance was granted is a three-story barn approximately 75 feet in length and 35 feet in width on Gage Road, also known as East Branch Road in said town. When the intervenors-appellants bought the property in October, 1964, having used it previously for four years without objection for the storage of antiques, it was in the R-2 District as defined by the zoning ordinance of the town. In such R-2 District, which is in fact residential and rural, the permitted uses under the ordinance are: single family residences, farms, nurseries and greenhouses, and some others. Under the ordinance, the barn is a lawful structure.
Subdivision 5 of section 267 of the Town Law empowers the Board of Appeals to vary the application of town zoning ordinances relating to the use of a structure “ Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances ”. In construing such a statute this court held in Matter of Hickox v. Griffin (298 N. Y. 365, 370-371): “ There must at least be proof that a particular property suffers a singular disadvantage through the operation of a zoning regulation before a variance thereof can be allowed on the ground of ‘ unnecessary hardship ’ ”. With this rule in mind in this case the Zoning Board of Appeals in essence has found ‘ ‘ that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.) For this reason it permitted the continuance of the barn *396 to be used for the storage of antiques on condition that the warehousing is to be in the interior of the barn and there was to be no outside storage or display for retailing or wholesaling of merchandise. The decision was made after a hearing and on personal knowledge. The board’s findings are: (1) that the barn could not be used under the existing ordinance for any purpose save that of a single family dwelling; (2) it is impracticable to convert the barn to such purpose; (3) the use of the barn for the storage of antiques is reasonable and does not depreciate property values; (4) the conditions attached to the variance will preserve the character of the neighborhood; and (5) in the language of the statute that the issuance of the variance observes the “ spirit of the ordinance * * * [secures] public safety and welfare * * " and substantial justice is done.”
We hold that the proof was sufficient to warrant the granting of the variance in the proper exercise of the board’s discretionary authority.
It is axiomatic that the court will not substitute its judgment for that of the board or set it aside unless it clearly appears to be arbitrary or contrary to law. (People ex rel. Hudson-Harlem Co. v. Walker, 282 N. Y. 400.) In this case there is no doubt that it would be impractical to convert the barn because of its size and height to a use as a single family dwelling. There is further proof “ That the local residents were not aware of the operation of the barn for the storage of antiques, and those who were aware of the use of the barn, did not complain until five (5) years after the start of such use.” Under these circumstances the reasonable inference is that the barn gave no outward appearance of a business use and did not disturb the neighborhood during that period of time. In addition the fact is that in this State and in New England, antique businesses are located in many rural areas. Taken as a whole then the record indicates that the use of the barn for storage of antiques, is a reasonable one and does not create a commercial atmosphere. The local Board of Appeals, confronted with a choice between an abandoned barn, a barn used for the storage of farm equipment, the sheltering of cattle, or the storage of antiques, sensibly determined by standards acceptable in administrative proceedings that the welfare of the community as well as sub *397 stantial justice would be best served by the storage of antiques under the conditions imposed. This view is not contrary to Matter of Otto v. Steinhilber (supra) where relief was denied. There we had no comparable physical circumstances. In the Otto case (supra) the applicant sought a variance for vacant land to erect a roller skating rink—a commercial use—upon property extending into a residential “ A ” zone. In Otto this court said that the record “ does not set forth any proof of the three elements constituting unnecessary hardship within the meaning of the zoning laws” (p. 79; emphasis added). Here it is evident the barn could not be altered for use as a single family dwelling, that the barn in the past was used as a storage building, that the permitted use will not alter the essential character of the locality and finally that the predicament faced by the owner is due to a hardship peculiar to that particular structure and not a hardship common to all.
The order of the Appellate Division should be reversed, with costs, the petition dismissed and the determination of the Zoning Board of Appeals reinstated.
Chief Judge Fuld and Judges Bergan, Keating and Breitel concur with Judge Burke; Judges Scileppi and Jasen dissent and vote to affirm.
Order reversed, etc.