In the Matter of LORETTA M. AGOGLIA, Appellant, v. M. MILTON GLASS et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and MARY GOLDSTEIN, Intervenor-Respondent.—

Christ, P. J., Rabin and Hopkins, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to annul the determination under review, with the following memorandum: The petitioner herein sought to review and annul a determination of the respondents who comprise the New York City Board of Standards and Appeals (the "board"), which permitted the intervenor to enlarge and change the existing nonconforming use of the latter's property. The property is lots 24 through 36 and 57 through 62 of Block 1005, located at 341–349 9th Street and 312–332 8th Street, between Fifth and Sixth Avenues, in Brooklyn. It is L-shaped, extending 125 feet along 9th Street and 232 feet along 8th Street, with a maximum depth of 180 feet, i.e., the distance between 8th and 9th Streets. The property presently contains two three-story brick buildings at 341 and 343 9th Street, which house commercial users on the first floor and residential users on the second and third floors; two three-story brownstone dwellings, at least one of which is vacant, which faces on 8th Street; a vacant diner which faces on 9th Street; and a commercial parking lot. The property is in an R6 General Residence District under the 1961 New York City Zoning Resolution (the "Zoning Resolution"). However, it is used almost exclusively for the commercial purposes described above. These were legally established in part under pre-1961 commercial zoning and in part under a variance granted by the board in 1940, and renewed periodically, for a commercial parking lot for more than five

vehicles. In essence, the determination which prompted this proceeding had granted the intervenor permission to remove the buildings presently on the property and construct a one-story supermarket with accessory parking space. In so acting, the Board relied upon sections 11–412 and 11–413 of the Zoning Resolution. I have no doubt that in a given situation these sections can be applied simultaneously. That is, the Board could, under section 11–412, *enlarge* a certain nonconforming use and at the same time, under section 11–413, *change* that enlarged nonconforming use into a new nonconforming use. The problem I have with the instant case is that, in my opinion, the board misapplied section 11–412 and this requires that its determination be annulled. Section 11–412 of the Zoning Resolution provides as follows: " Alterations, extensions, or enlargements ' Repairs or incidental alterations may be made and in appropriate cases the authorizing agency may permit structural alterations, extensions or enlargements. However, the use of any building or other structure shall not be extended and the building or other structure shall not be enlarged, in excess of 50 percent of the floor area of such building (or size of such structure) occupied or utilized by the use on the effective date of this resolution, and, except as otherwise provided in Article VII, no structural alterations, extensions, or enlargements shall be authorized for a new nonconforming use authorized under the provisions of Section 11–413 (Change of use).'" To me, it is clear this section deals with *structural* alterations, extensions or enlargements. Yet the board claims in its brief in this court that section 11–412 was relied upon to enlarge the existing parking lot. The lot is obviously not a "building" or other "structure". The board itself, again, in its brief, acknowledges that section 11–412 seems to apply only to enlargements of the use of buildings or structures and that this would not include a parking lot. However, it argues around this point as follows: " Since a parking lot is not a building or structure, *it would appear* that it can be enlarged in excess of 50%" (emphasis mine). I cannot agree. As the Special Term noted, the Zoning Resolution must be *strictly* construed, and it is precisely because the parking lot is not a building that I conclude that it *cannot* be enlarged under the wording of section 11–412. Interestingly, the intervenor takes a slightly different tack from the board. She argues that section 11–412 was applied not to enlarge the parking lot but to enlarge the two commercial buildings located at 341 and 343 9th Street. She argues that the increase in commercial floor area from that occupied by these buildings to that occupied by the supermarket was within the 50% limitation contained in section 11–412. The difficulty here is that the two commercial buildings are not being structurally enlarged but are being torn down and replaced by an entirely new building (the supermarket). I do not believe this is permitted under a strict interpretation of section 11–412. There is also the question of the vacant diner. It has been out of business for 10 years. To me, that clearly constitutes an abandonment of a nonconforming use (Anderson, Zoning Law and Practice in New York State, § 6.43). Yet the board's determination would permit the diner to be replaced by a different nonconforming use. This is directly contrary to section 52–61 (eff. Dec. 15, 1961) of the Zoning Resolution which states in pertinent part that if for a continuous period of two years " the active operation of substantially all the non-conforming uses in any building or other structure is discontinued, such land or building or other structure shall thereafter be used only for a conforming use". (See generally, Anderson, op. cit. *supra,* §§ 6.45–6.46.) Finally, the existing parking lot is in operation pursuant to a variance which was granted in 1940. Pursuant to its authority, the board has renewed the variance periodically, the latest time in 1967. It has

seen fit, however, to impose a time limitation, and the variance will expire in 1972. I do not feel that this temporary status should be the basis for extending, enlarging or changing a nonconforming use to one of limitless duration. Benjamin, J., not voting.