In the Matter of EDITH K. WORK, Respondent, v. ROBERT E. DELANY et al., Constituting the Board of Appeals of the Village of Scarsdale, Appellants.—

No opinion. Martuscello, Latham, Kleinfeld and Brennan, JJ., concur; Munder, Acting P. J., dissents and votes to reverse the judgment, to dismiss the petition and to confirm the determination of the Board of Appeals, with the following memorandum: Petitioner seeks to divide one parcel of land containing 18,441 square feet, and located in a zone requiring 10,000 square feet, into two building lots one of which (presently improved with a two-story frame house and a two-story garage) would be substandard. The proof showed that, of the 105 lots in the area, only five were substandard. There was testimony by a realty expert that the proposed subdivision would have an adverse effect on property values. There was also testimony by the Village Chief of Police to the effect that the street upon which the property fronted was the most heavily traveled in the village. The appellant board found that the general health, safety and welfare would not be served by the variance and in its discretion denied the application. I do not believe this constituted an abuse. It seems to me that in this case, as in *Matter of Hatfield* v. *Kempner* (35 A D 2d 1010), in which I also dissented, the majority misapplies *Matter of Fulling* v. *Palumbo* (21 N Y 2d 30). The latter case does *not* change the historic role of zoning boards and courts in zoning litigation. The granting or denial of area variances is still, in the first instance, within

the board's discretion (see *Matter of Fulling* v. *Palumbo, supra,* p. 32). The board's determination should not be overturned simply because the court, given the same facts, would have reached a contrary conclusion. It should be overturned only where an abuse of discretion is found, i.e., where the board's determination is arbitrary or capricious or not supported by the evidence. Given the acknowledged expertise of zoning boards in the field of zoning, and the obvious familiarity of board members with the neighborhoods involved, the courts should be reluctant to interfere.