Memorandum.
The real property in dispute having been acquired in 1938 for education purposes for the construction of a high school from the proceeds of a bond issue and Federal grants, control of its use and disposition was in the Board of Education notwithstanding the record title was taken by the city. Upon the enactment of chapter 762 uf the Laws of 1950 legal title vested in the school district. The undeveloped portion of the school site, fenced in and controlled by the board contiguous with the high school project, was sufficiently “ used ” as a site for education purposes to fall within the terms of the statutory transfer of title. The board is vested with authority to sell real property no longer needed for education purposes (Education Law, § 2512, subd. 5).
The undisputed proof in the record establishes that the city’s zone classification of the land in dispute as R-l is part of a general policy affecting all publicly held land and having no rational relation to the location or nature of the land itself. The classification is, therefore, arbitrary and the result reached at the Appellate Division to invalidate its application to the school district’s property is supported by the record. It is unnecessary to reach or consider the effect of Matter of Fulling v. Palumbo (21 NY 2d 30).
The order of the Appellate Division should be affirmed, with costs to respondent Board of Education.
Concur: Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson.
Order affirmed, with costs, in a memorandum.