CITY OF SYRACUSE, Respondent, v J. MURRAY HUEBER et al., Constituting the Board of Appeal of Building Code of the City of Syracuse, Respondents, and WILMORITE, INC., et al., Appellants.

Fourth Department, May 28, 1976

*Mackenzie, Smith, Lewis, Michell & Hughes (Dennis Baldwin* of counsel), for appellants.

*Edward P. Kearse, Corporation Counsel (David Garber* and *Eleanor Theodore* of counsel), for City of Syracuse, respondent.

MOULE, J. P. The question presented on this appeal is whether under the Syracuse Building Code, the construction of six additional stories onto an existing building constitutes "new construction" thereby engendering a building permit fee of $2,040 or whether it should be treated as an "addition" for which the appropriate fee would be $9,017.

Respondent, Syrtel Building Inc. (Syrtel), is the owner of certain premises located at 300 East Fayette Street in the City of Syracuse. Pursuant to a building permit issued in May, 1970, Syrtel constructed a four-story office building on the property which was completed and occupied in 1971. According to the allegations contained in respondent's answer, Syrtel

anticipated that this building would merely be the "first phase" in the construction of a taller structure and, therefore, support footers and columns, capable of sustaining a 14-story building, were utilized.

Thereafter, on June 25, 1973 Syrtel and respondent Wilmorite, Inc., the general contractor, filed an application with the Syracuse Bureau of Safety Inspection by which they sought a building permit authorizing the construction of six additional stories on the existing building. Since respondents characterized the subsequent construction as "second phase construction of a new building," they tendered with their application a "new construction" permit fee of $2,040. This amount was computed according to the Syracuse Building Code on the basis of the cubic foot volume of the additional six stories.

The Bureau of Safety Inspection, however, rejected respondents' characterization of this work as "new construction" and instead it classified the six new stories as an "addition." Inasmuch as the Building Code provides that the permit fee for alterations and additions should be based upon the total cost of the project, the bureau's determination resulted in the imposition of a fee of $9,017. Respondents subsequently paid this higher fee under protest and appealed the bureau's decision to the Syracuse Building Code Board of Appeal.

It should be noted that the Syracuse Building Code does not attempt to define either "new construction" or an "addition." However, in 1959 the city, by local ordinance, adopted as a supplement to this code the provisions of the State Building Construction Code which were promulgated pursuant to article 18 of the Executive Law. The State Building Code specifically defines an "addition" as an "extension or increase in area or height of a building" (9 NYCRR 803.3 [3]). It was this definition which formed the basis for the bureau's determination.

The Board of Appeal, however, disagreed with the determination by the bureau and in a unanimous decision dated January 18, 1974, it overturned that decision and found in favor of respondents that the building permit fee for this project should be based upon "new construction." The board went on to state that in its opinion this appeal has been brought about by the lack of clear definition in the Building Code. It further recommended that the code be revised in order to provide appropriate fee schedules for phased construction.

Thereafter, on May 14, 1974 petitioner, the City of Syracuse, commenced this article 78 proceeding in the nature of certiorari to review the Board of Appeal's decision. Following a trial of the issues on the pleadings, the Onondaga County Supreme Court found that the board erred as a matter of law in failing to apply the State Building Code's definition of an "addition." Accordingly, the court overruled the decision of the Board of Appeal and ordered that the permit fee for the six new stories be calculated as an "addition." It is from this judgment that respondents appeal.

It is well settled that a determination by an administrative agency is presumed to be correct (*Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393). A reviewing court has no authority to substitute its judgment for that of the board or to set aside the board's determination unless it clearly appears to be arbitrary or contrary to law (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co. v Walker,* 282 NY 400, 405; see, also, *Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184, 186). In this same regard, an agency's interpretation of applicable local ordinances should be given great weight and should not be overturned unless contrary to law (*Matter of Lezette v Board of Educ., Hudson City School Dist.,* 35 NY2d 272, 281; *Matter of Limousine Rental Serv. v Feinberg,* 9 AD2d 986). Of course, this judicial deference to administrative construction is inappropriate where the language of the statute is clear and unambiguous (*Lawrence Constr. Corp. v State of New York,* 293 NY 634). In such situations, it is the intent of the ordinance and the plain meaning of its language which are controlling.

In the instant case, the City of Syracuse has through its previous decisions in this area established special standards for construction of this type. On at least three separate occasions, the city has treated similar construction as "new construction" for purposes of issuing a building permit. In the most analogous situation St. Joseph's Hospital added a new wing to one of its existing buildings. Although this wing fulfilled the technical requirements of the State code's definition of an "addition" (i.e., an increase or extension in area or height of a building), the city nonetheless based the permit fee on the schedule for "new construction."

While it may be argued that judicial reliance upon administrative precedents is misplaced when those precedents themselves represent erroneous interpretations of an ordinance,

that argument is inapposite here. Although the city has incorporated the provisions of the State code into its local regulations, there is no indication that those provisions were meant to apply to matters other than construction techniques and standards of material. Furthermore, since the regulation and imposition of building permit fees is statutorily reserved to local jurisdictions (see Executive Law, § 383, subd e), there is a strong presumption that the city did not intend that the State code provisions should infringe upon this local authority.

Since the Board of Appeal is empowered by local ordinance to regulate and administer the provisions of the city's code, its interpretation of those regulations, unless clearly contrary to law, should be controlling. Inasmuch as there is no legislative indication that the State provisions should apply to this limited area of building permit fees, we cannot say that as a matter of law the board erred in refusing to apply the State definition of an "addition." In any event, any ambiguity that might exist within the State code has been clarified by the interpretation of the Board of Appeal. Since that administrative body is alone charged with the application and construction of the local ordinances, its determination in this instance should be binding upon the city.

In light of the fact that our decision in this case will result in the imposition of the lower building fee for "new construction," there is no need to discuss respondents' contention that the $9,017 fee is unreasonable, invalid and unenforceable.

The judgment should be reversed and the determination of the City of Syracuse Board of Appeal should be reinstated.

SIMONS, MAHONEY, DILLON and WITMER, JJ., concur.

Judgment unanimously reversed with costs and determination of the City of Syracuse Board of Appeal reinstated.