■ In the Matter of RONALD A. GARSIK, Petitioner, v LOUIS J. FRANK, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78, by a Nassau County police officer, to review respondent's determination, dated December 2, 1975, which, after a hearing, found petitioner guilty of (1) wearing an unauthorized accessory on his uniform, (2) failing to wear his cap and cap device and (3) failing to be equipped with his .38 caliber revolver, holster and handcuffs, and reprimanded him on the first above-mentioned specification and fined him a total of three days' pay on the two latter specifications. Determination confirmed and proceeding dismissed on the merits, with costs. There was substantial evidence to support the determination of the trial commissioner that petitioner was guilty as charged. Furthermore, the penalty of a reprimand on the first specification and a total fine of three days' pay on the second and third specifications is not a penalty so disproportionate to the offense as to be shocking to one's sense of fairness under the standard set down in *Matter of Pell v Board of Educ.* (34 NY2d 222). Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.

■ In the Matter of STANLEY SOKOLSKY et al., Appellants, v AVERILL WILLIAMS et al., Constituting the Zoning Board of Appeals of the Town of Lewisboro, Respondents. MARTIN D. LARKIN, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals which, after a hearing, granted the intervenor-respondent's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated June 25, 1975, which (1) dismissed the petition and (2) confirmed the determination. Judgment affirmed, with one bill of $50 costs and disbursements to intervenor-respondent Larkin. The record indicates that the determination of the Zoning Board of Appeals of the Town of Lewisboro, granting an area variance to the intervenor-respondent, was supported by the evidence adduced at the hearing (see *Matter of Fulling v Palumbo,* 21 NY2d 30). Hopkins, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHY BRIGGS, Also Known as KATHY BRIGGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered September 30, 1974, convicting her of attempted kidnapping in the first degree, upon her plea of guilty, and sentencing her to an indeterminate prison term not to exceed four years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the period of incarceration to the time already served. As so modified, judgment affirmed. In view of the statements in respondent's brief that appellant has, since her sentence, co-operated with the prosecutor's office, that she has been sufficiently punished and that she is rehabilitated, in the interest of justice, the sentence imposed should be reduced to the time already served. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.