In the Matter of ROBERT's RUNNING CREEK MOBILE PARK, INC., Respondent, v JOSEPH LANDOLFI et al., Constituting the ZONING BOARD OF APPEALS OF THE TOWN OF WAPPINGER, Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review appellants' determination, dated February 11, 1976 and made after a public hearing, which denied petitioner's application for a use variance and related relief, the appeal is from a judgment of the Supreme Court, Dutchess County, entered June 30, 1976, which, *inter alia,* annulled the determination and directed the issuance of the variance, subject to the approval of the Dutchess County Health Department. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits. Petitioner, who opened a mobile home park prior to the passage of the zoning code, sought a variance in order to expand its mobile home park from 88 to 127 units. This would entail using an additional 9.73 acres of its land (12.8 of the 28.9 acres are now used for mobile home sites). Under the applicable zoning ordinance this would be, without doubt, the expansion of a nonconforming use in an area which is zoned for one-family homes. The interpretation of the ordinance made by appellants is that no variance may be granted under the ordinance for such an expansion of a nonconforming use of *land.* Special Term determined that another section of the ordinance (which appellants had found inapplicable) applied. That section allows a 50% expansion—based on the square footage of the ground floor—under certain conditions, of a nonconforming use of a *building* or *structure.* Special Term rejected the interpretation of this section made by appellants as "too narrow" and held that a mobile home park should be considered, conceptually, as a unit, i.e., as a single building or structure, and not as acreage to be leased; therefore, it reasoned, a variance could, and under the circumstances

of the case, should be granted to petitioner. (There would be no question under this theory of any expansion of a nonconforming use of *land.)* The law is clear that courts are not empowered to substitute their judgment or discretion for that of an administrative agency because they think a better solution could be obtained thereby. There is nothing in the record to indicate that appellants' interpretation of the zoning code was found to be arbitrary, capricious or unreasonable; it was found "too narrow". This is not a sufficient basis upon which to annul an administrative determination (see *Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393; *City of Syracuse v Hueber,* 52 AD2d 341; *Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184, 186). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.