Gabrielli, J. (dissenting).
I respectfully dissent and vote to affirm the order of the Appellate Division. In this case the petitioner seeks an area variance[1] as distinguished from a use variance, and just recently this court stressed the importance of this distinction "since, in the usual case, a use variance will have a greater impact on the community than an area variance which does not involve a use prohibited by the ordinance” (Matter of National Merritt v Weist, 41 NY2d 438, 441). An area variance does not alter the basic character and nature of the community in the manner that a use variance does and, therefore, the courts have rationalized and properly held that different standards of burden of proof are applicable (Matter of National Merritt v Weist, supra). "The difference in the level of proof is explained by the fact that, generally, an area variance will release a landowner from the duty to follow *600 the strict letter of the zoning ordinance so that the land may be put to a permitted use. On the other hand, a use variance, if granted, will result in the use of land in a manner inconsistent with the basic character of the neighborhood” (Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 313-314).
The petitioner has the burden of proving that the imposition and application of an area standard will create significant economic injury (Matter of Fulling v Palumbo, 21 NY2d 30) and once that proof is adduced "the burden of going forward with proof that the restriction is reasonably related to a legitimate exercise of the zoning power is upon the municipality” (Matter of National Merritt v Weist, supra, at p 443). The proof of significant economic injury is met by demonstrating that the property will not yield a reasonable return, but there is no requirement that in an area variance case the petitioner must prove what he paid for the property. In Matter of Fulling v Palumbo (supra) the proof demonstrated that Fulling had been offered $11,000 for his property by his two neighbors but with an area variance he could obtain double that amount. This was deemed sufficient to satisfy his burden of proving significant economic loss. In the case before us Cowan demonstrated that without the variance his neighbor owning contiguous land, and who had objected to the grant of the variance in this case,[2] would purchase the property for $1,000 but with the variance the value would rise to $7,500. This, too, should be deemed sufficient to sustain the burden of proof. The fact that Cowan purchased the property at a tax sale and failed to reveal the price paid is not determinative here. To demonstrate, if Cowan had paid in excess of $1,000 for the property, clearly the denial of the area variance would result in economic hardship because it would result in an actual financial loss. Likewise, if he paid less than $1,000, a situation analoguous to the facts in Fulling, he has still demonstrated economic hardship because literal enforcement of the ordinance will cost him 86% of the value of his land (see 2 Anderson, New York Zoning Law and Practice, § 18.40). *601 Serious financial injury need not be equated to actual financial loss; a significant differential in value may amount to a hardship even if the owner paid nothing for the property.
The majority, citing Matter of Douglaston Civic Assn. v Galvin (36 NY2d 1, 9), holds that in determining financial hardship, inquiry should focus on the value of the property as presently zoned, "rather than upon the value that the parcel would have if the variance were granted” (p 597). Matter of Douglaston Civic Assn, involves a use variance. The standard of proof in a use variance case must necessarily be more stringent than in an area variance case because the character of the community is affected. On the other hand, proof of economic injury, in the context of an area variance, need not be as restrictive since the over-all impact of relief is less burdensome on the community. The quantum of evidence necessary to satisfy the burden of proof must be balanced with the public interest affected (see Matter of National Merritt v Weist, supra). Where the petitioner shows that the value of the property under the existing area restriction does not yield a reasonable return as compared to the value of the property with an area variance, the burden of proof of economic injury has been met. Economic injury does not, of course, end the matter. If there is a legitimate purpose for the ordinance and it is reasonably related to the public health, financial loss will be inadequate to justify granting the variance (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449). In this case, however, the board introduced insufficient "evidence”, and indeed the record is sparse, if not totally lacking in evidence that denying the variance would benefit the public health and welfare.
The fact that the financial hardship may be self-imposed does not prevent the board from granting the variance (Conley v Town of Brookhaven Zoning Bd. of Appeals, supra) but is one factor which may be weighed with the evidence before it. The decision of the board is silent on the issue of self-created hardship but even if it had been considered, in view of the severity of the economic loss, it would be insufficient to mandate denial of the variance.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jones, Wachtler and Fuchsberg concur with Judge Jasen; Judge Gabrielli dis *602 sents and votes to affirm in a separate opinion in which Judge Cooke concurs.
Order reversed, with costs, and the judgment of Supreme Court, Suffolk County, reinstated.

. The ordinance requires an area of 10,000 square feet. Petitioner, desiring to erect a one-family residence, requested an area reduction by reducing the front yard setback from 40 feet to 37 feet and a backyard setback from 50 feet to 38 feet.

. It is of consuming interest to note that this objecting neighbor had but recently been granted a similar area variance. Obviously, the ordinance was calculated to maintain the essential character of the neighborhood, which was residential, and there was no evidence that a grant of the variance would defeat this purpose; and, in fact, the proof established that a new house on this lot would improve the neighborhood.