■ In the Matter of PAISLEY DEVELOPMENT CORPORATION, INC., Petitioner, v ZONING BOARD OF APPEALS OF THE TOWN OF MILTON, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Saratoga County) to review a determination of the Zoning Board of Appeals of the Town of Milton. Petitioner, Paisley Development Corporation, Inc., is the owner of approximately 74± acres of land located in the Town of Milton, Saratoga County. Petitioner seeks to develop this land into a mobile home park. The land is located in a "rural residential" district pursuant to the Town of Milton Zoning Ordinance. A mobile home park is a permitted use within such a district provided that the developer obtains a special permit which is issuable by the zoning board of appeals. The zoning ordinance establishes the procedure for applying for such a permit and the standards covering whether it should be granted. The developer is first required to submit certain types of specified information as set forth in the statute to the planning board. After public hearings, the planning board makes a recommendation to the zoning board which then determines whether to grant the permit. The proceedings before the town authorities leading to the decision herein sought to be reviewed took a somewhat cumbersome and convoluted course, the full history of which is not pertinent to the issue we are called upon to determine. Suffice it to say that numerous proceedings were held before the planning board and zoning board and certain other town, county and State agencies relating to the application for a permit. At various times it appeared that approval was being sought for a permit allowing a 60-unit development, a 126-unit development and units of larger sizes. At times it appears that some such applications were on the brink of approval. This factor is significant in understanding the problem before us because section 6 of the zoning ordinance requires that there be included in the detailed plans accompanying the permit application information as to the number of lots to be developed, the location of recreation areas, accessory and service

buildings, ingress and egress routes, water, sewer and utility lines, set backs and the like. Ultimately the respondent did grant petitioner a permit allowing development of 72 units. In this proceeding, petitioner challenges so much of the determination of the respondent as refused a further permit for the "concept" of a 265-unit development. In an article 78 proceeding to review the decision of a zoning board of appeals the only question before the court is whether that decision is arbitrary, contrary to law or unsupported by substantial evidence (CPLR 7803; *Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393; *Matter of Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184). The decision of the board is presumed to be correct *(Matter of Corter v Zoning Bd. of Appeals for Vil. of Fredonia, supra; Matter of First Nat. Bank of Glens Falls v Sheehan,* 30 AD2d 912). And the reviewing court will not substitute its judgment for that of the board unless it is demonstrated that the board acted arbitrarily or contrary to law *(Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast, supra; Matter of Corter v Zoning Bd. of Appeals for Vil. of Fredonia, supra; Matter of Agoglia v Glass,* 35 AD2d 954, affd 29 NY2d 535; *Matter of Davidson v Segur,* 24 AD2d 797). It should be noted that petitioner seeks only a special use permit, not a variance. The Court of Appeals in *Matter of Pleasant Val. Home Constr. v Van Wagner* (41 NY2d 1028) has recently spoken on this distinction in a case involving a developer of a mobile home complex. They noted that as the petitioner there had sought a special use permit, and not a variance "A showing of hardship is, therefore, unnecessary (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243-244)." The court also discussed the power of the zoning board in a situation where an application is made for a special permit: "This ordinance, of course, does not automatically entitle petitioner to a special permit, but it does estop the zoning board from denying the petition solely on the basis that more mobile homes in the area would be undesirable. The determination that a mobile home complex is an acceptable use for the land has already been made, legislatively, in the zoning ordinance (see id.; cf. *Matter of Small v Moss,* 279 NY 288, esp 299)." This court freely admits that it does not fully comprehend what petitioner means by the term "concept development". As previously noted, applicants for special permits are required to submit certain detailed information to the zoning board. In the entire record before us there is nothing in the nature of an application or a detailed plan, whether for a 265-unit development, or a 72-unit development. Insofar as there is no challenge in this proceeding to so much of the determination as approved the 72-unit development, plans and details would not be required to be included in this record, therefore we need not be concerned with any question relating to their compliance with the requirements of the ordinance. However, the absence of plans and details relating to the remainder of petitioner's proposed development renders it impossible for this court to reach any conclusion other than that such plans were never actually submitted to the respondent for its approval. Petitioner argues extensively that the zoning board lacked power to limit the number of units to be permitted in petitioner's development. If plans and details sufficient to meet the requirements of the ordinance had been submitted for 265 units to the same extent that such plans and details were presumably submitted for 72 units, this argument would undoubtedly have substantial merit. However, because we find no such plans and details before us, we must accept respondent's assertion that no such plans and details were submitted for review. This leads inevitably to the conclusion that petitioner failed to meet its statutory burden of proof before the zoning board, therefore the zoning board's

decision must be presumed to be correct. We need not consider respondent's other arguments relating to its proposed consideration of various specific factors. Needless to say, the petitioner is free to reapply to the zoning board upon the submission of appropriate data. Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.