In the Matter of WALT WHITMAN GAME ROOM, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.

Second Department, April 17, 1978

**APPEARANCES OF COUNSEL**

*Jaspan, Kaplan & Levin (A. Thomas Levin* of counsel), for appellant.

*Ronald Glickman, Town Attorney (Frank J. Mack* of counsel), for respondents.

OPINION OF THE COURT

SUOZZI, J.

The issue to be decided on this appeal is whether the Huntington Zoning Board of Appeals' interpretation of section 62-5.5 of the Huntington Zoning Ordinance was reasonable.

Petitioner, the conditional lessee of premises located in the Walt Whitman Shopping Center in Suffolk County, applied to the Huntington Zoning Board of Appeals for a special exception permit to operate a game room therein. After a hearing, the board denied the application. Specifically, the Huntington Zoning Board of Appeals interpreted subdivision 11 of section 62-5.5 of the zoning ordinance so as to preclude petitioner's projected use of the subject premises as a game room by ruling that such use was not a "similar retail business use * * * compatible with [the] uses specifically enumerated in [section 62-5.5]", which is entitled "C-5 Planned Shopping Center District".

The Zoning Board of Appeals also held that even if a game room were a "similar retail business use * * * compatible with [the] uses specifically enumerated in [section 62-5.5]", it would deny petitioner's application on the ground that the game room would cause traffic congestion.

Thereafter, petitioner commenced this proceeding to review the board's determination. The Special Term dismissed the petition on the merits.

In my view, the judgment of Special Term must be reversed and the matter remanded to the Zoning Board of Appeals for a further hearing.

■ The interpretation adopted by the Zoning Board of Appeals, the body entrusted with interpreting the zoning ordinance and ascertaining the intent of the legislative body, is clearly rational. Accordingly, its interpretation would control in the absence of any evidence that the Huntington Town Board interprets this section in a contrary manner. However, if there was evidence indicating that the Town Board, as the legislative body which enacted the zoning ordinance and administers it, viewed this section in a manner contrary to that adopted by the Zoning Board of Appeals, the view of the Town Board would necessarily prevail (cf. McKinney's Cons Laws of

NY, Book 1, Statutes, § 129, subd a, and the cases cited therein).

My review of the record discloses certain facts which have potential ramifications in that particular context. I refer specifically to the evidence in the record which indicates that two other game rooms are operating in the very same shopping center, apparently without the necessary permits, and that their operation has not been restrained or enjoined by the Town Board or the Department of Buildings, which are entrusted with enforcement of the ordinance.

The dissent states that the existence of two other game rooms which are operating without the necessary permits "may be considered to be illegal" and that the Town Board has the duty "to take appropriate action" with respect to them. The dissent argues, however, that "in the interim it cannot be said that the Zoning Board of Appeals acted unreasonably or contrary to law in construing the ordinance as it did." I disagree with that reasoning and the conclusion deduced therefrom.

■ On this record it is impossible to ascertain the true reason for the Town Board's failure to act with respect to the other existing game rooms. Under these circumstances, the Town Board's conduct in failing to act with respect to those game rooms can just as reasonably be construed as a declaration of an intention that a game room is a "similar retail business use * * * compatible with [the] uses specifically enumerated in [section 62-5.5]". Such a declaration of intention would be contrary to, and as heretofore noted, entitled to greater weight than, the Zoning Board of Appeals' interpretation. Therefore, the matter must be remanded to the Zoning Board of Appeals to ascertain the Town Board's true intention with respect to the other game rooms.

The dissent also argues that a remand to the Zoning Board of Appeals is not necessary in any event since "the existence and dubious legal status of the other two game rooms were known" to the Zoning Board of Appeals when it passed on petitioner's application. Although the record indicates that the Zoning Board of Appeals was aware of the existence of the two game rooms when it reached its conclusion regarding the interpretation of the ordinance, it never fully explored the significance and all of the ramifications of the Town Board's failure to act with respect to them.

In conclusion, it is my view that before the interpretation of

the Zoning Board of Appeals can be judicially reviewed, much less judicially approved, the matter must be remanded to the Zoning Board of Appeals so that the latter may take testimony for the purposes of exploring in depth the exact nature and scope of the operations of the other two game rooms and the precise intent of the Town Board in allowing them to continue operating. Only after that will the Zoning Board of Appeals be in a position to make an intelligent, as well as a reasonable, interpretation of the ordinance.

If, upon the remand, it is ascertained that the Town Board considered the other two game rooms to be conditionally permitted uses in this district, then a denial of a special exception permit to petitioner on other grounds, such as traffic congestion (see Huntington Zoning Ordinance, § 62-11.1) would clearly be arbitrary and capricious in view of the authorized existence of the similar uses in the same shopping center.

Accordingly, the judgment should be reversed and the matter remanded to the Zoning Board of Appeals for a new hearing and determination.

GULOTTA, J. (dissenting). I dissent and would affirm the judgment.

I cannot agree that the Town Board's failure to close two other game rooms operating in the same shopping center has any bearing on the issues which were before the Zoning Board of Appeals in this case. Those establishments, it was revealed on the argument of this appeal, are presently functioning without permits and, to that extent, their operation may be considered to be illegal. If this be true, it is the duty of the Town Board to take appropriate action, but in the interim it cannot be said that the Zoning Board of Appeals acted unreasonably or contrary to law in construing the ordinance as it did.

It was for the Zoning Board of Appeals to determine, in the exercise of reasonable discretion and in accordance with the standards provided for its guidance, whether the instant application should have been granted. Since there is nothing in the record to indicate that the Zoning Board's determination was arbitrary, capricious or unsupported by substantial evidence, that determination should not be disturbed by this court (see *Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393; *Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20; *Matter of Paisley Dev. Corp. v Zoning Bd. of*

*Appeals of Town of Milton,* 58 AD2d 705; *Matter of Robert's Running Cr. Mobil Park v Landolfi,* 56 AD2d 933; *Corter v Zoning Bd. of Appeals for Vil. of Fredonia,* 46 AD2d 184). Moreover, it appears beyond peradventure that the existence and dubious legal status of the other two game rooms were known to the Zoning Board at the time it passed upon petitioner's application.

LATHAM and O'CONNOR, JJ., concur with SUOZZI, J.; GULOTTA, J., dissents and votes to affirm the judgment with an opinion, in which MOLLEN, P. J., concurs.

Judgment of the Supreme Court, Suffolk County, entered August 8, 1977, reversed, on the law, without costs or disbursements, and petition granted to the extent that the matter is remitted to the Zoning Board of Appeals of the Town of Huntington for a new hearing and determination in accordance with the views expressed in the opinion of Mr. Justice SUOZZI.