■ In the Matter of WALT WHITMAN GAME ROOM, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Respondents.—In a proceeding to review a determination of the respondent zoning board of appeals, which, after a hearing, denied petitioner's application for a special exception permit, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered May 22, 1979, which dismissed the petition. Judgment affirmed, with costs. Petitioner's application for a special exception permit to operate a game room in a shopping center was denied by the respondent zoning board of appeals on the ground that a game room is not a permitted use. There was evidence that two other game rooms were in existence in the same shopping center. In a prior proceeding we held that while the respondent zoning board of appeals interpretation of the ordinance was "clearly rational" and its interpretation would control in the absence of any evidence that the town board interprets this section of the ordinance in a contrary manner, on the record it was impossible to ascertain the true reason for the town board's failure to act with respect to the existing game rooms *(Matter of Walt Whitman Game Room v Zoning Bd. of Appeals of Town of Huntington, 62 AD2d 183)*. Accordingly, we remanded the matter to the respondent zoning board of appeals for a new hearing and determination so that the latter might explore the nature and scope of the operations of the other two game rooms and the intent of the town board in allowing them to continue operating and then make an intelligent interpretation of the ordinance. Upon the remand, additional testimony was taken and the respondent zoning board of appeals concluded that the town board viewed the ordinance in a manner consistent with that adopted by the zoning board of appeals and that the town board and the building and housing department acted expeditiously to enjoin the operation of an existing game room. The zoning board of appeals again denied the application. The petitioner then commenced this proceeding and Special Term dismissed the petition. It is clear from the record that the town board's failure to act initially was due solely to the fact that the officials charged with enforcement of the ordinance were not aware of the violations and that they acted expeditiously as soon as they were informed of possible violations. The respondent zoning board of appeals properly concluded that it interpreted the ordinance in a manner consistent with the interpretation by the town board. The zoning board of appeals determination was therefore supported by substantial evidence and the judgment dismissing the petition must be affirmed. Mollen, P. J., Hopkins, Titone and O'Connor, JJ., concur.