■ In the Matter of ANNE M. McKENNA et al., Appellants, v BOARD OF REVIEW OF THE CITY OF MOUNT VERNON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent the Board of Review

of the City of Mount Vernon (hereinafter the Board) reducing the assessed valuation of certain real property owned by the respondent Vernon Woods Apartments, Inc., the petitioners, adjoining property owners, appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Buell, J.), dated February 5, 1986, as *inter alia,* denied their application upon finding that the determination was not arbitrary and capricious, and, (2) a judgment of the same court, dated February 25, 1986, as, *inter alia,* confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents appearing separately and filing separate briefs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because no appeal lies as of right from an intermediate order in a CPLR article 78 proceeding (CPLR 5701 [b] [1]) and, in any event, even if permission to appeal therefrom had been obtained, the appeal would have terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Board's determination to reduce the original assessment placed upon the subject premises was in accordance with law and supported by a rational basis in the record *(see,* RPTL 581 [1]; *Matter of South Bay Dev. Corp. v Board of Assessors,* 108 AD2d 493; *Matter of Agoglia v Glass,* 35 AD2d 954, 955, *affd* 29 NY2d 535). Further, we agree with the Supreme Court, Westchester County, that the petitioners, adjoining property owners, failed to substantiate their conclusory allegations suggesting that certain Board members and city officials committed numerous improprieties and illegalities benefiting the property and its owners.

We also point out that our disposition of this appeal is in no way a determination of the merits of any proceeding commenced by the property owner under RPTL article 7 which may be pending. Rubin, J. P., Kooper, Spatt and Harwood, JJ., concur.